21 F.3d 1116
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jacinto DIAZ, Defendant-Appellant.
 No. 93-50156.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 6, 1994.*
Decided April 8, 1994.
 
 Before: HUG, WIGGINS and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant Jacinto Diaz appeals his sentence from the district court which was enhanced four levels pursuant to Sentencing Guideline Sec. 3B1.1 for Diaz's role as a leader in a conspiracy to distribute cocaine. Diaz pleaded guilty to conspiracy to distribute, possess with the intent to distribute and aid and abet the distribution of in excess of five kilograms of cocaine. Diaz argues that his sentence should only have been enhanced three levels for his role as a manager or supervisor.
 
 
 3
 This Court reviews for plain error a district court's finding that a defendant was a leader or organizer under Sentencing Guideline Sec. 3B1.1. United States v. Castro, 972 F.2d 1107, 1112 (9th Cir.1992), cert. denied, --- U.S. ----, 113 S.Ct. 1350 (1993). Application Note 3 to Sentencing Guideline Sec. 3B1.1 (1991) provides a number of factors which are to be considered in deciding the role of a defendant. Those factors include the nature of the participation in the offense, the degree of participation in planning or organizing the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime and the degree of control and authority exercised over others. An application of these factors to Diaz supports a finding that he was a leader or organizer in the conspiracy to which he pleaded guilty.
 
 
 4
 Diaz recruited the drivers and loaders of the cocaine. He paid them a flat fee for their work. He planned their trips across the country and maintained daily telephone contact with them during their trips. He negotiated the price for the transportation of the cocaine with the owners of the drugs. He told the drivers and loaders where they were to pick up the cocaine and where they were to deliver it. Diaz's actions provided the district court with ample indicia of leadership.
 
 
 5
 Diaz also argues that, because the men who owned the cocaine were the true leaders of the conspiracy, he could not be considered a leader or organizer for enhancement purposes. Application Note 4, cited above, states that: "There can, of course, be more than one person who qualifies as a leader or organizer of a criminal association or conspiracy." See also United States v. Barnes, 993 F.2d 680, 685 (9th Cir.1993). Diaz fails to demonstrate that the district court's finding that he was a leader or organizer of the conspiracy to distribute cocaine was plain error. The district court's sentence is Affirmed.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Fed.R.App.P. 34(a) and Ninth Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3